958 So.2d 1054 (2007)
Yolanda V. PROHIAS, etc.,
v.
ASTRAZENECA PHARMACEUTICALS, L.P., and Zeneca, Inc., Appellees.
No. 3D06-2733.
District Court of Appeal of Florida, Third District.
June 13, 2007.
*1055 Hagens Berman Sobol Shapiro LLP and Steve W. Berman and Craig Spiegel, Seattle, WA; Harke Clasby LLP and Lance Harke and David J. Maher, Miami; Ben Barnow and Sharon Harris, Chicago, IL, for appellant.
Sidley Austen LLP and Mark E. Haddad and Alycia A. Degen and David R. Carpenter, Los Angeles, CA; Carlton Fields and Robert L. Ciotti and E. Kelly Bittick Jr., Tampa, for appellees.
Before GREEN and WELLS, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
This is an appeal by the plaintiff, a user of the drug Nexium, from a final judgment dismissing her attempted class action complaint against its manufacturers under the Florida Deceptive and Unfair Trade Practices Act and for "unjust enrichment." The order under review provides:

*1056 1. Defendants' motion [to dismiss Plaintiff's second amended class action complaint] is GRANTED and Plaintiff's Complaint and this action are DISMISSED WITH PREJUDICE, for two primary and independent reasons:
2. First, the conduct that Plaintiff challenges falls within the safe harbor of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.212(1), because the promotional and advertising activity attacked in the Complaint is supported by the FDA-approved labeling for Nexium® and thus is "specifically permitted" by federal law. For the same reasons that Plaintiff has not pleaded a valid FDUTPA claim, she has failed to plead that Defendants have received an unjust benefit. Her claim for unjust enrichment thus necessarily fails as well.
3. Second, and independently, even if the FDUTPA safe harbor did not apply, Plaintiff's state law claims would conflict with federal law and the FDA-approved Nexium labeling and therefore are preempted.
4. Finally, as a third independent reason for dismissal, Plaintiff fails to allege the required elements of her FDUTPA and unjust enrichment claims, including failing to allege that Defendants' alleged wrongs caused her to purchase Nexium. While Plaintiff offered at oral argument to amend her Complaint a third time, these allegations, even if added, still would fail to state a claim for the first two reasons stated above. Given these circumstances, the Court concludes that dismissal with prejudice is appropriate.
5. Accordingly, Defendants' Motion is GRANTED and Plaintiff's Complaint and this action are hereby DISMISSED WITH PREJUDICE.
We entirely agree with this ruling. See Bober v. Glaxo Wellcome PLC, 246 F.3d 934 (7th Cir.2001); Prohias v. Pfizer, Inc., 485 F.Supp.2d 1329, 1335-40 (S.D.Fla.2007); Pa. Employee Benefit Trust Fund v. Zeneca, Inc., No. Civ. 05-075-SLR, 2005 WL 2993937 (D.Del. Nov. 8, 2005), appeal docketed, No. 05-5340 (3d Cir. Dec. 15, 2005); N.J. Citizen Action v. Schering-Plough Corp., 367 N.J.Super. 8, 842 A.2d 174 (2003), certification denied, 178 N.J. 249, 837 A.2d 1092 (2003).
Affirmed.